# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MARIA DE LOURDES LOPEZ and FLORENTINO VIEYRA, | ) ) ) |
| Plaintiffs, | ) Case No. 2:11-cv-00323-ECR-CWH |
| vs. | ) **ORDER** |
| CARDENAS MARKETS, INC., *et al.*, | ) ) |
| Defendants. | ) ) |

This matter was referred to the undersigned Magistrate Judge on Defendant's Motion to Compel Plaintiff to Sign Authorization Forms (#8), filed June 7, 2011; Plaintiffs' Opposition to Defendant's Motion to Compel (#9), filed June 23, 2011; Plaintiffs' Counter Motion for Sanctions (#10), filed June 23, 2011; and Defendant's Reply (#11), filed June 30, 2011.

## BACKGROUND

This case was removed from the Eighth Judicial District Court of the State of Nevada on March 1, 2011. *See* Notice of Removal (#1). Plaintiffs are seeking damages for injuries allegedly sustained from a slip and fall incident that occurred on Defendant's premises. *Id*. Defendant filed its answer on the date of removal. *Id*. Shortly after the case was removed, Defendant filed its Motion to Compel Plaintiff to Sign Authorization Forms (#8). After the motion had been fully briefed, the Court conducted a hearing on the issues raised in Defendant's motion (#8) and Plaintiffs' counter motion (#9).

By way of its motion, Defendant seeks to compel Plaintiffs to sign medical authorization forms pursuant to a request for production propounded under Federal Rule of Civil Procedure 34. In response, Plaintiffs agreed that relevant releases would be provided for "provider specific authorizations." *See* Ex. B attached to Def.'s Mot. (#8). On May 31, 2011, Defendant's counsel sent a letter requesting that Plaintiff execute the medical authorizations attached to the original

requests for production. *See* Ex. D. Plaintiffs' counsel responded that his clients would only sign provider specific authorizations. *See* Ex. E. Consequently, on June 7, 2011, Defendant filed this motion (#8) arguing that Plaintiffs failure to fill out, sign and return the medical authorizations attached to the requests for production constituted a refusal "to cooperate." *See* Def.'s Mot. (#8) at 5:16-17. Defendant contends that "Plaintiffs are in a far better position than Defendant to list the specific providers on the medical authorization[s]" and should be compelled to do so. *Id*. at 5:5-7. Defendant also contends that Plaintiffs should have signed an authorization directed toward the Controlled Substance Task Force in conjunction with the other medical authorizations. *Id*. at 5:7-9.

In response, Plaintiffs note that they had signed the specific authorization relating to worker's compensation but continued to refuse to sign the medical authorization forms because "the discovery rules do not require the Plaintiff to sign medical authorizations. Plaintiff merely needs to identify her medical providers in response to certain discovery requests. Plaintiff has done this properly." *See* Pls' Opp'n (#9) at 2:23-26. Plaintiff further argues that requesting a plaintiff to sign medical authorizations in order to obtain records via Rule 34 requests for production is inappropriate as it requires the responding party to "create a new document that did not already exist." *Id*. at 3:9-14. Ultimately, Plaintiff contends there is "no obligation to prepare documents for the Defendant and there is no rule that requires the Plaintiff to fill out documents for the Defendant." *Id*. at 3:18-21.

In reply, Defendant states that "Mrs. Lopez [Plaintiff] has placed a significant amount of her body at issue with the claims that she has presented in this matter." *See* Def.'s Reply (#11) at 2:25-26. As such, Defendant argues that it is entitled to discovery regarding Plaintiff's current and prior medical treatment to the claimed body parts and that "[w]ithout the authorizations, it will be exceedingly difficult to obtain all the necessary records." *Id*. at 3:2-5. Defendant rebuts the notion that the Court's subpoena power is sufficient because medical providers routinely resist providing medical records, even in the face of a subpoena, as a result "of the strong HIPPA requirements faced by medical providers." *Id*. At 3:6-13. Defendant also reiterates its position that records from the Controlled Substances Task Force are relevant and compelling Plaintiff's signature on a records release authorization form is appropriate.

On September 22, 2011, the Court conducted a hearing in this matter.  Between the close of briefing on the motions and date of hearing, Defendant had substituted counsel twice and Plaintiffs had substituted counsel as well.  Thus, at the hearing, arguments were presented by counsel for the respective parties who did not participate in the briefing of the issues or underlying communications prior to the filing of the motion to compel.  Nevertheless, counsel for the respective parties presented their arguments on the merits of the pending motions.

## DISCUSSION

Federal Rule of Civil Procedure 34 governs requests for production. The rule permits a party to "serve on any other party" a request to produce or allow inspection of documents or tangible items that are "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1).  Rule 34 requests must fall within the scope of discovery as defined in Rule 26(b). *Clark v. Vega Wholesale, Inc.*, 181 F.R.D. 470, 471 (D. Nev. 1998) (citation omitted).

The parties agree that Plaintiff's medical records are relevant.  Plaintiff did not object to the request for controlled substance records in a timely manner and, therefore, has waived that objection.  *See Sweeney v. The UNLV Research Foundation*, 2010 WL 1756875 (D. Nev.) (citing *Senat v. City of New York*, 255 F.R.D. 338, 339 (E.D.N.Y. 2009) ("there is consistent authority that a failure to serve timely responses to interrogatories and document requests serves as a waiver of objections."); *see also Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 409-10 (C.D. Cal. 2005). The parties agree further that Plaintiff does not have actual possession or control of the medical records, thus, the issue turns on whether Plaintiff has "control" of the medical records for purposes of Rule 34.

"Documents that are in the actual possession of a third person are deemed to be in the responding party's control if [the responding party] has the legal right to obtain them." *Sweeney*, 2010 WL 1756875 *4 (citations omitted).  Although "a party need not have actual possession of documents to be deemed in control of them," *Estate of Young v. Holmes*, 134 F.R.D. 291, 294 (D. Nev. 1991), the responding party must have a legal right to obtain the requested documents before it can be deemed to have control the documents for purposes of production under Rule 34.  *Id*. "The relationship between the party and the person or entity having actual possession is central in

each case." *Id*. The requisite relationship exists when the responding party is able to command release of the requested documents and is usually the result of statute, affiliation, or employment. *Vega Wholesale,* 181 F.R.D. at 472.

The question of whether the relationship between a plaintiff and her doctor is sufficient to establish control for purposes of compelling a response to a Rule 34 request has been answered in this district. The court in *Clark v. Vega Wholesale*, 181 F.R.D. 470 (D. Nev. 1998) held that a party cannot be compelled to execute an authorization for release of medical records from the party's medical providers. While noting that some courts have concluded otherwise for purposes of the expeditious and efficient procurement of information, the court in *Vega Wholesale* concluded, as does the Court here, that Defendant can secure copies of medical records from the custodian of records pursuant to a Rule 45 *subpoena duces tecum* just as readily as Plaintiff. *Id*; *see also Powell v. Texvans, Inc.*, 2010 WL 4791507 (D.Nev.).

Defendant also argues that it is difficult, if not impossible, to obtain medical records with a Rule 45 subpoena because medical providers require a release signature from the person to whom the records pertain. Essentially, Defendant argues that the requested medical authorization release forms are necessary because medical providers fear potential repercussions stemming from violation of the Health Insurance Portability and Accountability Act ("HIPAA") more than they fear any repercussions stemming from violating a court order. A Rule 45 subpoena is a court order and "[t]he issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." *Se* Fed. R. Civ. P. 45(e).

The court in *Powell* addressed the question of whether the Rule 45 procedure should be followed when requesting medical records from medical providers in light of HIPAA restrictions. The court held that "[t]he HIPAA regulations provide a satisfactory means for obtaining relevant medical records for purpose of litigation without the requirement for a signed authorization by the party." *Powell*, 2010 WL 4791507 at *2. Indeed, HIPAA regulations provide that "[a] covered entity may disclose protected health information in the course of any judicial or administrative proceeding." 45 C.F.R. § 164.512(e)(1). The covered entity may only disclose the "protected health information expressly authorized by such order." 45 C.F.R. § 164.512(e)(1)(i). Production

4

should only occur if the information is made subject to a "qualified protective order" which is defined as"

> [a]n order of a court of an administrative tribunal or a stipulation by the parties to the litigation or administrative proceeding that: (A) Prohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested; and (B) Requires the return to the covered entity or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding.

45 C.F.R. § 164.512(e)(1)(v). It is clear that the statutory and regulatory framework of the HIPAA requirements are not mutually exclusive with the requirements of Rule 45. Medical providers can, and must, comply with their obligations under both in situations such as those currently before the Court. The appropriate remedy when a medical provider refuses to comply with a valid Rule 45 subpoena is request for a contempt hearing under Rule 45(e).

The Court agrees that it can be more efficient and expeditious for a responding party to provide written authorization for release of relevant medical records. Parties are not precluded from agreeing to such a framework. In fact, such cooperation is encouraged. Nevertheless, a party cannot be compelled to execute an authorization for release of medical records from the party's medical providers under Rule 34.

Despite this finding, the Court was encouraged by the parties' attempts at cooperation here. In her response to the original request for medical authorizations, Plaintiff agreed that relevant releases would be provided for "provider specific authorizations." *See* Ex. B attached to Def.'s Mot. (#8). During the hearing on this matter, the parties represented that many of the medical authorizations had already been provided and the remainder would be provided. Thus, although it will not compel the authorizations under Rule 34, the Court will hold the parties to the representations made in their correspondence and representations to the court.

Plaintiff also seeks sanctions. *See* Pl.'s Opp'n and Counter Motion for Sanctions (#9). If a motion to compel is denied, a court may issue any necessary protective order under Rule 26(c) and must require the moving party to pay the "reasonable expenses incurred in opposing the motion" unless the motion was "substantially justified." *See* Fed. R. Civ. P. 37(a)(5)(B). A request for discovery is "substantially justified" under Rule 37 if reasonable people could differ on whether a

party was bound to comply with a discovery rule. *See Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citing 8B Wright & Miller, Fed. Prac. & Proc. § 2288 (3d ed.)). Although the motion to compel in this matter was denied, the Court finds it was substantially justified in light of Plaintiff's counsel's continuing representation, including in response to the discovery request itself, that Plaintiff would sign relevant releases for provider specific authorizations. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel Plaintiff to Sign Authorization Forms (#8) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiffs' Counter Motion for Sanctions (#10) is **denied**.

DATED this 5th day of October, 2011.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**